## Collin County National Bank, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 19540.   Promulgated January 14, 1929.

*W. R. Abernathy, Esq.*, and *J. M. McMillen, Esq.*, for the petitioner.

*C. H. Curl, Esq.*, for the respondent.

OPINION.

LOVE: In its income-tax return for the year 1920, the petitioner claimed a deduction, as a bad debt, of $86,859.26, the entire amount charged off Dowell's account in that year.

The respondent disallowed the deduction mentioned because under section 234 (a) of the Revenue Act of 1918, part of a debt may not be written off as worthless and be deducted from income. *Steele Cotton Mill Co.*, 1 B. T. A. 299, and *Minnehaha National Bank of Sioux Falls* v. *Commissioner*, 28 Fed. (2d) 763, (U. S. D. C., 8th Circ.) decided October 13, 1928.

The petitioner now contends that Dowell's account may be separated into two, i. e., (1) a cotton acceptance account for which it held collateral, and which admittedly is not deductible for the year 1920, because it was neither ascertained to be worthless nor charged off in that year, and (2) an account of advances to Dowell for business and personal expenses. It is asserted that as so segregated the advancements to Dowell for business and personal expenses constituted a debt actually ascertained to be worthless and charged off during 1920, and that it is entitled to a deduction thereof.

The petitioner's position is predicated upon the theory that under its agreement with Dowell the collateral held by it was held for a specific purpose, i. e., solely for application to the cotton acceptances and that such security must be applied exclusively for that purpose. In this connection petitioner invokes the rule that where collateral is given a banker for a specific purpose, he has no lien upon it for any other purpose and can not assert one for any other indebtedness whether arising upon general account or otherwise. *Armstrong* v. *Chemical National Bank*, 41 Fed. 234; *Reynes* v. *Dumont*, 130 U. S. 354, 391; *Hanover National Bank* v. *Suddath*, 215 U. S. 110, 116; and Morse on Banks & Banking, 6th Ed., sec. 325.

While the rule invoked does obtain, it is applied in cases involving the rights of third parties, and where a lien, as such, is asserted on the one hand, and denied on the other. In such cases, the right of "set-off" as between the parties, themselves, is not involved. (See R. C. L., vol. 3, par. 217.)

It will not be questioned that by express agreement between the parties, a deposit may be applied to an unsecured claim, while the same deposit would have to be applied to the secured claim if so directed by the depositor at the time the deposit is made. In the

instant case, it is conceded that there was only one account on petitioner's books with Dowell during the taxable year. All moneys drawn by Dowell, regardless of the purposes for which drawn, were charged to that account. That condition existed by virtue of the action of the bank, on the one hand, and acquiescence, if not by express agreement, on the part of Dowell. All collateral held by petitioner belonging to Dowell, as between themselves especially, constituted security for the full amount of the balance in that account at all times. (See R. C. L., vol. 3, par. 146.)

The advances made by petitioner to Dowell other than for payment for cotton purchased by him, and for which cotton warehouse receipts were held, amounted to $65,592.22. The charge-off made in October and December, respectively, aggregated $86,859.26, leaving a balance in that account of $138,579.11. To secure the payment of which amount, petitioner held warehouse receipts for 1,300 bales of cotton, the then market value of which was approximately $65,000.

It will be noted that petitioner kept but one account against Dowell. There was no segregation of charges for the purchase of cotton, and charges for other purposes. The charge-offs were not made specifically as against any items in the account and the amount of the charge-offs was materially different from the amount of the charges in that account for items other than for the purchase of cotton.

Petitioner contends that it now has the right to segregate the strictly cotton purchase items, and the other items, and apply the charge-offs to those other items to the extent thereof, to wit, $65,592.22. Under the Revenue Act of 1918, which controls this case, a partial write-off is not permissible. The account at the end of the taxable year was not closed, by reason of the fact that petitioner held 1,300 bales of cotton as collateral security for the balance due thereon; hence, no deduction is permissible under the statute.

The action of the Commissioner is approved.

*Judgment will be entered for the respondent.*